## SUPERIOR COURT

Margaret Genua
vs          } Div.No.17923
Vito Genua

### RESCRIPT.

September 11, 1924.

CAPOTOSTO J. By a petition dated August 18, 1924, the petitioner seeks an absolute divorce from her husband. On Auguust 19, 1924, she filed a motion for temporary allowance, counsel and witness fees, which motion was assigned to August 27th, but was not heard on that day. On August 27, 1924, the respondent filed a motion to dismiss the petition on the ground that the Court "has no jurisdiction either of the parties or of the cause of action."

The motion to dismiss for want of jurisdiction was heard on September 3, 1924.

The motion for allowance, counsel and witness fees, although on the calendar for September 3, 1924, was con-

tinued by the Court until the question of jurisdiction was first determined.

The facts offered in evidence at this hearing by the respondent show that the respondent had been living for about a year in Scranton, ·Pa., where he was employed in an hotel; that he had left Providence to seek work; that while living in Pennsylvania, on March 10, 1924, he married the petitioner in the city of Scranton; that on July 14, 1924, his wife left him and returned to Providence; that during the year that he was in Pennsylvania, he returned to Providence but once and then only for the purpose of seeking his wife after she had left him; that the respondent intended up to the time that he was married to live in Scranton and not in Providence, and that after his marriage he was intending to stay there. (meaning Scranton, Pennsylvania) to make a home, because "she always told me, 'you buy me a good home and we will stay' and I said 'I will in time.'"

The petitioner testified that she had always lived in Providence until her husband came for her from Scranton; that they eloped and went back to that city where they were married and lived for some four months with an aunt of the respondent; that while she lived with the respondent in Pennsylvania, nothing was said as to where her home was going to be, but that she expected to return to Providence with her husband in June of this year.

The question of jurisdiction in a divorce case is one of fact. It is incumbent upon the petitioner to prove the fact of the residence and domicile in this state for the length of time required to give the Court jurisdiction.

Paine vs. Paine, 43 R. I. 4

McCarthy vs. McCarthy, 45 R. I. 367.

Using the words of Dubois C. J. in the case of Walker vs. Walker, it is said that "such a motion (that is, a motion to dismiss for want of jurisdiction) must be entertained at the earliest possible moment; because it is of vital importance to ascertain whether the Court has power to proceed further in the matter. It needs no citation of authorities to convince even the most skeptical that a question lying so close to the root of the matter must be determined forthwith. Moreover, it is something that can not be waived, nor can it be cured by a general appearance.

Walker vs. Walker, 32 R. I. 28, 32.

The Court has jurisdiction of a petition for absolute divorce if either the petitioner or the respondent be a domiciled inhabitant of this state and has resided therein for the period of two years next before the preferring of such petition.

Crow vs. Crow, 41 R. I. 258, 262.

The question presented for determination in this case is whether or not the petition comes within the terms of our statute. Was either the petitioner or the respondent on August 16, 1924, a domiciled resident of this state for the period of two years next before the preferring of such petition?

The rule is well established that a woman on her marriage loses her own domicile and acquires that of her husband, and that the matrimonial domicile is presumed to be that of her husband at the time of marriage. In general terms it may be said that the domicile is changed from one place to another by the abandonment by a person of his first place of domicile with the intention not to return and by taking up his actual residence in good faith in another place with the intention of permanently residing in that place.

McCarthy vs. McCarthy, 45 R. I. 367, 369.

A room occupied by a person with this intention is as truly a domicile as if such person occupied an apartment or entire house.

Warren vs. Board of Registration, 72 Mich. 398.

Though as a general principle of law the domicile of the husband is regarded as the domicile of the wife, yet the wife under certain circumstances which are unnecesssary to detail in this case may acquire a residence and domicile separate from her husband so as to confer jurisdiction upon the court's of the State in which her domicile and residence are established to decree a divorce in her favor.

In the case of McCarthy vs. McCarthy, already cited, the court at page 370, speaking through Mr. Justice Stearns, says: "The intention of the person seeking to establish a domicile is an essential fact which must be proved * * * As the real intention is known only to 'the individual, his statement in regard thereto is one of the natural and usual methods of proof. Such statement, particularly as in the case at bar when made by an interested witness, is not controlling but the truth thereof is to be determined by the court upon consideration of all the facts. * * * Actions as well as declarations are to be weighed in the determination of the intention."

Applying these rules of law to the facts of the case at bar, the decisive question is whether or not the respondent did in fact change his domicile from Providence to Scranton, Pennsylvania.

Taking all the evidence into consideration and weighing it in the light of all the surrounding circumstances, including the conduct of the parties while testifying and the nature of the questions used to bring out the desired answers by the representatives of the respective parties, it is my opinion that the respondent did in fact abandon his domicile in Providence and did establish one in Scranton, Penn., where he actually resided, had employment, and intended to purchase a home when financial considerations warranted it. Under this view of the facts, the petitioner's domicile when she married respondent on March 10, 1924, was Scranton, Penn., and not Providence, R. I.

It is hardly necessary to say that the petitioner' return to this State on or about the 14th of July, 1924, even if it did appear that such return was in good faith and for justifiable cause for the purpose of establishing a domicile separate and apart from that of her husband, does not meet the requirements of the statute as interpreted by our own courts.

Respondents' motion is granted.

The petition is therefore dismissed for want of jurisdiction.

For Petitioner: B. Cianciarulo.

For Respondent: LeRoy G. Pilling.